**GREENBERG TRAURIG, LLP**
ATTORNEYS AT LAW
SUITE 800
2375 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016
(602) 445-8000

Stephanie J. Quincy, SBN 014009, QuincyS@gtlaw.com
Shalayne L. Pillar, SBN 034066, PillarS@gtlaw.com
*Attorneys for Plaintiff/Counterdefendant*
  *Darwin Advisory Partners, LLC*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Darwin Advisory Partners, LLC, an Arizona limited liability company,<br><br>              Plaintiff,<br>v.<br><br>Sadhna Bokhiria, an unmarried individual; Dejana Nikolic, an unmarried individual; Kiria Advisory Partners, LLC, an Arizona limited liability company; and Rick Bronson and Tammy MacPherson, a married couple,<br><br>              Defendants.<br><hr>Sadhna Bokhiria, an unmarried individual; Dejana Nikolic, an unmarried individual,<br><br>              Counterclaimants,<br>v.<br>Darwin Advisory Partners, LLC, an Arizona limited liability company,<br><br>              Counterdefendant. | Case No. 2:23-cv-00193-MTL<br><br>**SECOND AMENDED COMPLAINT**<br><br>(Misappropriation of Trade Secrets, A.R.S. § 44-401, et seq.; Misappropriation of Confidential Information; Misappropriation of Trade Secrets, DTSA 18 U.S.C. § 1839; Unfair Competition; Breach of Fiduciary Duty; Breach of Duty of Loyalty; Tortious Interference with Contract and Business Relationships; Conversion; Unjust Enrichment, Civil Conspiracy) |

Plaintiff Darwin Advisory Partners, LLC ("Darwin" or "Plaintiff"), complaining of Defendants Sadhna Bokhiria, Dejana Nikolic, Kiria Advisory Partners, LLC, and Rick Bronson and Tammy MacPherson ("Defendants"), alleges and states as follows:

## PARTIES

1.      Darwin is an Arizona limited liability corporation doing business as Darwin Research Group in the State of Arizona, having its principal office at 8777 N. Gainey Center Drive, Suite 205, Scottsdale, AZ 85258.

2.      Sadhna Bokhiria is an unmarried woman who resides in Maricopa County, Arizona.

3.      Dejana Nikolic is an unmarried woman who resides in Maricopa County, Arizona.

4.      Rick Bronson is married man who resides in Maricopa County, Arizona. His spouse is Tammy MacPherson, whose residence is believed to be in Canada.

5.      Kiria Advisory Partners, LLC is an Arizona limited liability corporation doing business in Maricopa County, Arizona.

## JURISDICTION AND VENUE

6.      Defendants caused harm to Darwin within Maricopa County, Arizona, which forms the basis of this Verified Complaint.

7.      This Court has jurisdiction.

8.      Venue properly lies with this Court.

## GENERAL ALLEGATIONS

9.      Darwin is a provider of health care market intelligence for pharmaceutical, medical device, and health system executives, in addition to venture capital, private equity, and other health care investors. Darwin specializes in health care delivery models—including comprehensive analyses of health systems, physician groups, post-acute care providers, and therapeutic areas—as well as emerging payer models, such as accountable care organizations and bundled payment initiatives.

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

ACTIVE 686218315v1

10.  Darwin has developed a specific expertise in profiling integrated health systems, physician groups, and cancer centers.

11.  Darwin sells profiles to clients as syndicated research reports, which may be sold to multiple clients using customizable appendix chapters that align with each client's therapeutic areas of focus, such as cancer, diabetes, and women's health, and include specialty-specific information on key initiatives, organization charts, thought leaders, and clinical research, derived from a master profile ("Client Profiles").

12.  While some of the information in these profiles may be gleaned from corporate websites and other publicly available sources (still at significant expense and only after review by Darwin employees with healthcare expertise), at the heart of Darwin's profiles are confidential, in-depth interviews with executives within an organization. These interviews may be conducted for the express purpose of the individual profile or may be conducted for a custom, strategic market research project, in which Darwin uses some of that information, if relevant, in the profile's contents. Sometimes Darwin will use verbatim quotes from these confidential interviews to highlight a point; other times, the information is embedded within the profile as bulleted points. None of this information is available to the public and is highly confidential and proprietary.

13.  Defendants know how valuable the interview information is to the unique nature of the profiles. Darwin sometimes pays honoraria to these executives for their insights. In 2022, Darwin incurred $47,193.50 on interview and transcript expenses. Defendant Bokhiria's text message on Aug. 6 (KIR000307) to Defendant Nikolic (who was still a Darwin employee) states: "Really important to get the interview question guides." On Aug. 9 (KIR000304), Defendant Bokhiria wrote: "Can you download the audio video and transcripts of all interviews," to which Defendant Nikolic replied: "Yeah I can."

14.  Darwin also has proprietary models embedded within the profiles. For example, the Darwin Value Index (DVI). The Darwin Value Index measures a health

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

*ACTIVE 686218315v1*

system's progression from fee-for-service to value-based care on an average of six measures scored on a 10-point scale. Darwin determines these scores based on multiple interviews with system executives over time and in relation to other integrated health systems. It is unique and completely proprietary.

15.    Many of Darwin's clients know Darwin to be the only company that profiles health systems in this way.

16.    Because Darwin developed its Client Profiles, it is the only business that provides its unique Client Profiles in its industry.

17.    Darwin has currently developed the Client Profiles of 503 entities across the U.S. and Puerto Rico.

18.    The Client Profiles Darwin developed and sells represent 80-90% of Darwin's revenue.

19.    The remaining balance of Darwin's revenue comes from custom, strategic market research projects ("Client Research Reports").

20.    Darwin employed Defendant Bokhiria as a Vice President.

21.    Bokhiria was responsible for selling Darwin's products, including its Client Profiles and Client Research Reports, to Darwin's clients.  Bokhiria was not involved in developing the Client Profiles or preparing the Client Research Reports.

22.    Darwin employed Defendant Nikolic as a Market Research Associate.

23.    Nikolic was responsible for assembling (and at times updating) the Client Profiles from Darwin's master profiles, packaging, and delivering them to Darwin's clients.  At all times relevant to this case, Nikolic was not involved in developing the Client Profiles or preparing the Client Research Reports.

24.    Nikolic was Darwin's longest-tenured employee and the one most proficient at assembling, editing, and delivery of the Darwin Client Profiles, which Bokhiria and others on Darwin's sales team sold to clients.

25.    In engaging Darwin's services, Darwin's clients provide it with confidential and proprietary information, including but not limited to, confidential information

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

regarding clients' business strategy, marketing plans, operations, drug development pipelines, and pricing.

26.    Given the confidential and proprietary nature of this information, Darwin entered into service agreements with its clients that required Darwin's clients to protect and maintain the confidentiality of client information and Darwin agrees to that requirement as well, including keeping confidential information that clients provide to it.

27.    Darwin employees were required to treat client and other Company confidential and proprietary information as confidential.

28.    Darwin maintained an Employee Handbook, which applied to all Company employees.

29.    The Employee Handbook governed Darwin's property and the return of Darwin's property upon the termination of an employee's employment.

30.    Handbook Policy 14 (Computer & Information Security) provides in relevant part as follows:

> **COMPUTER & INFORMATION SECURITY** All data in Darwin Research Group's computer systems (including documents, electronic files, e-mail, and recorded voice mail messages) are the property of Darwin Research Group. Darwin Research Group may inspect and monitor such data at any time.

31.    Handbook Policy 12 (Return of Property) provides as follows:

> **RETURN OF PROPERTY** Employees are responsible for the Darwin Research Group property that is issued to them, including but not limited to: office keys, parking garage security card, computers, and any Intellectual property. In the event of separation from employment, employees must return all Darwin Research Group property that is in their possession. Where permitted by applicable law(s), Darwin Research Group may withhold from the employee's final paycheck the cost of any property, including intellectual property, which is not returned when required. Darwin Research Group also may take any action deemed appropriate to recover or protect its property.

32.    As a Vice President for Darwin, Bokhiria received and was subject to Darwin's employment policies and procedures, including those contained in Darwin's

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

5

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

Employee Handbook on Computer Information Security and Return of Property. In fact, Defendant Bokhiria actually worked on the handbook and was well aware of its contents.

33.  Defendant Bokhiria, as an officer, also owed Darwin fiduciary duties.

34.  Pursuant to Darwin's Computer & Information Security and Return of Property policies as well as common sense, Bokhiria was on notice that Darwin property belonged to Darwin and that she was required to return all Darwin property upon her separation of employment. Bokhiria was well aware that Darwin sold for profit profiles and Client Research Reports. Bokhiria failed to follow these Company policies. In fact, Bokhiria took for her own use Darwin profiles and other confidential and trade secret material.

35.  As an employee of Darwin, Nikolic received and was subject to Darwin's employment policies and procedures, including those contained in Darwin's Employee Handbook on Computer Information Security and Return of Property.

36.  Defendant Nikolic also owed Darwin a duty of loyalty during her employment.

37.  Pursuant to Darwin's Computer & Information Security and Return of Property policies as well as common sense, Nikolic was on notice that Darwin property belonged to Darwin and that she was required to return all Darwin property upon her separation of employment. Nikolic failed to follow these Company policies.

a.  **Bokhiria and Nikolic's Resignation and Defendants' Misappropriation of Darwin's Property.**

38.  Darwin maintains its Company files in 21 secure Dropbox folders, containing approximately 6,000 directories and 37,000 files totaling more than 680 gigabytes, which are only accessible to Company employees for the purpose of performing their job duties (as access to Darwin's Dropbox folders is by invitation only, and strictly controlled and monitored by Darwin).

39.  The 21 Dropbox folders contain a substantial amount of confidential, proprietary business information and trade secrets belonging to Darwin, including but not

limited to, Darwin's client files for all of its current, past, and prospective clients, master profile files, Client Profiles and the entire profile database, Client Research Reports, and other valuable information, such as Darwin's processes and procedures, interview guides, interviews, transcripts and recordings, syndicated reports, proposals, templates, prototypes, purchase orders, invoices, statements of work, client lists, pricing schedules, sales and marketing materials, sales, operations, and marketing plans, standard operating procedures, sales collateral, sample work products, business strategies, internal presentations and user feedback, data files, and research.

40.    Darwin invested tens of thousands of hours and significant financial resources to develop these materials for the Company's use.

41.    The commercial advantage these materials provide Darwin has placed it years ahead of anyone attempting to enter into this space, which is presently solely occupied by Darwin with regard to its unique Client Profiles.

42.    Access to Darwin's Dropbox folders, which contain both finished customer deliverables and the complete framework for duplicating Darwin's business output, would provide a competitor with significant room for loss-leading and price undercutting based on what it costs Darwin to produce this voluminous inventory.  These materials cannot be replicated, compiled or recreated by a competitor without substantial time, effort, and expense.

43.    Bokhiria neither received a license nor had permission from Darwin to use its confidential and proprietary materials for any purpose other than as related to her job duties.

44.    Nikolic neither received a license nor had permission from Darwin to use its confidential and proprietary materials for any purpose other than as related to her job duties.

45.    On July 29, 2022, while working from home, Bokhiria accessed Darwin's Dropbox folder containing its Client Profiles.

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

7

46.     Bokhiria created a folder titled, "Profiles_7.29.22" and at 4:54 PM, began moving profiles from Darwin's profile database into the new folder she created.

47.     Of the approximately 500 profiles existing in Darwin's files, Bokhiria moved 252 Client Profiles into her folder.

48.     Bokhiria then began deleting Client Profiles from Darwin's profile database.

49.     Her deletion of the Client Profiles triggered a warning to one of Darwin's Dropbox administrators, Tyler Trask, who confronted Bokhiria.  She claimed she was not actually copying and deleting Darwin profiles, and instead claimed that there had been a system malfunction.  There had been no system malfunction.

50.     Despite her earlier denial, on August 1, 2022, Bokhiria again copied Darwin's files. This time she copied Darwin's entire Dropbox, including all of the 21 folders containing all files pertaining to Darwin's business, to the My Drive section of her Darwin Google Drive.

51.     There are over 3400 Google Drive events logged on this date, including the creation of folders (for the upload of the Dropbox content) and multiple viewing events and events showing changes to sharing permissions of the new My Drive folders that Bokhiria created for the Dropbox copy.

52.     Bokhiria's sheer level of viewing and sharing activity makes it plainly obvious that her actions were a calculated and intentional effort to misappropriate with the full intention of using Darwin's entire Company files. Defendants could not possibly immediately begin competing with Darwin without taking and using Darwin's confidential and trade secret materials.

53.     Also on July 29, 2022, at 7:13 p.m., Bokhiria sent an email to her boyfriend, Rick Bronson, titled "Darwin/Next Steps." The email did not contain any text, but attached a Darwin Client Profile.

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA  85016
(602) 445-8000

8

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

54.    Several days later on August 4, 2022, Bokhiria continued to delete additional Client Profiles from Darwin's Dropbox profile database folder, which she did over the course of two days.

55.    Bokhiria copied Darwin's Client Profiles and Dropbox files for the purpose of downloading and taking copies of the Company's confidential and proprietary information, and then attempted to delete any record showing her actions.

56.    On August 5, 2022, Bokhiria's employment with Darwin was terminated.

57.    Upon her termination, Bokhiria was required to return all Company property, including all confidential and proprietary information, and her Company-issued computer and Remarkable device.

58.    Bokhiria failed to return her Company-issued computer and Remarkable device.

59.    Upon information and belief, Bokhiria stored and downloaded Darwin's files from her Company-issued computer so she could misappropriate them for her personal gain and that of her new competing business, Kiria Advisory Partners, LLC.

60.    To date, Bokhiria still has possession of the Company-issued computer and Remarkable device, despite Darwin's demand, and has not returned any of Darwin's property or removed it from her access and use.

61.    The day after she was terminated, on August 6, 2022, Bokhiria formed Kiria *Advisory Partners,* LLC, a competing business modeled identically after Darwin *Advisory Partners,* LLC.

62.    Bokhiria named her boyfriend, Bronson, Kiria's Chief Operating Officer, a position which Bronson still holds.

63.    Upon information and belief, Bronson has been intimately involved in all acts described herein, including encouraging them and participating in them.

64.    Bokhiria publicly marketed Kiria Advisory Partners to directly compete with Darwin using Darwin's and the Company's confidential, proprietary business information and trade secrets.

65.    For example, in the Overview of Kiria's online Research page, available at https://www.linkedin.com/company/kiria-research/about/, it provided that, "Through interviews, research, and consulting services, we ensure our clients understand the changing healthcare ecosystem and how they can be successful—and profitable—in a new era." This description was lifted nearly verbatim from Darwin's own work product, in which it states that, "Through research, publications and consulting services, we help our clients understand the changing healthcare ecosystem and how they can be successful—and profitable—in a new era."

66.    Upon information and belief, Bokhiria was able to perform sales of the Client Profiles, but she did not assemble, package, or deliver the Client Profiles to clients and instead used what she had taken from Darwin.

67.    Bokhiria recruited Nikolic, who had been responsible for performing those tasks for Darwin.

68.    Bokhiria, with Bronson's knowledge and approval, asked Nikolic to take certain confidential and trade secret information from Plaintiff and secure it for their own use. Bokhiria and Nikolic, with the knowledge of Bronson and Kiria, conspired to wrongfully take this information. This was done while Nikolic, Bronson, and Bokhiria knew that Nikolic was still a Darwin employee.

69.    For example, on August 23, 2022, Bokhiria invited Nikolic to a "get together" with herself and Bronson, which took place at Bronson's home.

70.    At this meeting, Bronson and Nikolic discussed Kiria and Nikolic's potential role within the new venture.

71.    Nikolic resigned from her employment with Darwin the very next day, on August 24, 2022.

72.    Upon submitting her resignation, Nikolic informed Darwin's CEO, John Marchica, that she was leaving to work for a healthcare architecture firm.

73.    While it appears that Nikolic did in fact go to work for a healthcare architecture firm, Nikolic neglected to mention that she had begun working for this firm—

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

full-time—in May 2022, while also purporting to work full-time for Darwin. She also neglected to mention that she had begun laboring on behalf of Kiria and in fact, Defendant Bokhiria had helped her establish an LLC to do this.

74. Nikolic was able to keep up the façade of full-time employment because Darwin permitted her to work from home. Given her other employment obligations, Nikolic did not, in fact, perform full-time work for Darwin during this period.

75. Since leaving her employment with Darwin, it was discovered that starting on August 1, 2022, prior to her resignation, Nikolic began forwarding Company emails from her Darwin work email account to an external email address: nayaglitz@gmail.com.

76. Nikolic and Bokhiria also began expressly conspiring to misappropriate Darwin's proprietary information and trade secrets for use in the new venture, Defendant Kiria. The two discussed what to misappropriate and confirmed that it had indeed been misappropriated for use by Defendants. Defendants conspired to take and use this information, particularly Darwin's trade secrets.

77. Between August 1, 2022 and August 19, 2022, Nikolic forward 78 emails to that external address, with the majority of this activity happening on August 1 and August 7, 2022.

78. The emails which Nikolic forwarded to her external e-mail address contained significant confidential, proprietary, business information and trade secrets of Darwin, including the following: the CEO's weekly emails providing details about Company events and sales activity, minutes from research team meetings, the plans and statuses for various projects, studies and engagement strategies, correspondence with clients about product delivery and subscription details that captured clients' email addresses, profile templates, interview guides, client database log-in credentials, the Company's Employee Handbook, which includes Darwin's Computer & Information Security and Return of Property policies, communications with Bokhiria regarding client subscriptions and pricing, and client competitor information.

79.    Aside from forwarding these emails, Nikolic did not send any work emails for the entire month of August.

80.    Nikolic and Bokhiria have since admitted that they misappropriated profiles and other client materials, including interviews. They have also admitted to taking copies of their Darwin email files (in whole or in part including forwarding Darwin emails to their personal accounts), which they had never asked, let alone been authorized, to do. They concealed this information from Plaintiff.

81.    Defendants have continued to access this information and use it, despite demand from Plaintiff that they cease and return all copies and a Court Order stating: *Between now and the Evidentiary Hearing scheduled herein, defendants, adjoined, are not to use any of the Darwin's confidential, proprietary, business information and trade secrets (non-public information). Furthermore, defendants shall preserve any of that information that they have.*

82.    On August 7, 2022, in addition to forwarding the bulk of the Darwin emails to the external email address, Nikolic also accessed the "Shared with Me" items in the web version of her Darwin Google Drive.

83.    Anything accessed from these online "Shared with Me" items would not automatically sync to her Company-issued desktop.

84.    In order to copy these items, Nikolic would have had to access them from the web version of her Darwin Google Drive, exactly as she did on August 7, 2022.

85.    Prior to returning her Company-issued laptop, Nikolic erased her computer and delete her email history. She did this intentionally, after conspiring with Defendants Bokhiria, Bronson, and Kiria, to further their efforts to misappropriate Darwin property for their own use.

86.    Nikolic did this with the express intention of concealing her activity from Darwin and in conspiracy with the other Defendants.

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

12

87.    Nikolic not only forwarded Darwin confidential and proprietary emails and trade secrets, but she also downloaded Darwin files from the "Shared with Me" items via the web version of her Darwin Google Drive.

88.    Nikolic is presently working with Defendant Kiria Advisory Partners, LLC.

89.    At least on one occasion, Nikolic has received payment for her work with Kiria via Zelle, sent directly by Bronson, from his person banking account. Nikolic forwarded Darwin confidential and proprietary emails and downloaded Darwin proprietary files so that she could misappropriate them for her personal gain and that of Defendants Bokhiria, Bronson, and Kiria Advisory Partners, LLC.  In fact, Defendants conspired together to take Darwin's trade secret, confidential, and other property and cover their tracks, including but not limited to Defendant Bokhiria pretending to have returned electronic devices and Defendant Nikolic wiping her computer before returning it.  Defendants conspired about what to take and took all the client materials they could.

90.    As of August 17, 2022, if not sooner, Bokhiria, Bronson, and Kiria Advisory Partners, LLC had started meeting with Darwin's customers, utilizing Darwin property.

**b.**    **Darwin Attempts to Recover the Misappropriated Information.**

91.    On August 12, 2022, Darwin, through its legal counsel, demanded in writing to Bokhiria that she return her Company-issued computer and all other Company property in her possession.

92.    At that time, Darwin, through its legal counsel, also demanded in writing that Bokhiria provide it with computer-usable copies of personally owned computers, servers, cellular phones, tablets or email systems used to receive or store any of Darwin's confidential and proprietary information.

93.    Bokhiria was requested to return Darwin's property by August 19, 2022. When she failed to do so, she was given a subsequent deadline of August 24, 2022 to comply with Darwin's request.

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

13

94.     Bokhiria ignored both requests.  Bokhiria received both letters and simply refused to respond.

95.     On September 1, 2022, and September 2, 2022, Darwin, through its legal counsel, demanded in writing to Bokhiria and Nikolic, respectively, that Defendants refrain from further misappropriating or using Darwin's proprietary information or copyrighted material, and return all Company property, including all electronic and hard copies and copies thereof.  Darwin further requested that Bokhiria and Nikolic sign and return a sworn affidavit affirming that they had complied with Darwin's request.

96.     Defendants have refused this request. Though Defendants admit to having misappropriated Plaintiff's property, Defendants refuse to detail what they have taken or how they have used it.

97.     As of the time of this filing, Defendants have failed to return any of Darwin's property.

98.     Defendants continue to access this information for their own benefit.

99.     As of Friday, September 2, 2022, it appeared Kiria removed the materials from its social media page on LinkedIn that Defendants had copied directly from Plaintiff.

100.    Bokhiria, Bronson, and Nikolic are still in possession of Darwin's confidential, proprietary, business information and trade secrets and, upon information and belief, are misusing it to unlawfully compete with Darwin.

101.    Bokhiria, Bronson, and Nikolic have wrongfully retained, have used, and continue to use, Darwin's confidential, proprietary business information and trade secrets for their own benefit and the benefit of Defendant Kiria Advisory Partners, LLC.

102.    Upon information and belief, Bronson (and therefore MacPherson) provided the capital to finance Kiria, and is currently invested in Kiria's financial well-being.

103.    As Kiria's Chief Operating Officer, Bronson also directs Kiria's day-to-day operations and executes the company's long-term goals.

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

14

104.    For example, on August 26, 2022, Bronson sent an email to Bokhiria's Darwin-email (most likely by accident). The email was directed to an attorney at Gammage and Burnham, and stated only "George per your request – on call: Sadhna Bokhiria[,] Dejana Nikolic[,] [and] Rick Bronson."

105.    Kiria Advisory Partners, LLC has facilitated Bokhiria, Bronson, and Nikolic's wrongful actions described above.

106.    Defendants' actions were intentional, aggravated, done together and in conspiracy with each other, outrageous, done with an evil mind, and the acts were carried out with the intent of causing injury to Darwin or in conscious disregard of a substantial risk of significant harm to Darwin.  Exemplary and punitive damages should, therefore, be awarded to punish and to deter Defendants and others similarly situated from engaging in similar conduct in the future.

## COUNT ONE

### (Misappropriation of Trade Secrets Against All Defendants)

107.    Darwin realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

108.    Darwin's confidential, proprietary business information, including its Client Profiles and Client Research Reports, interviews, interview guides, and pricing information is trade secret information that has independent economic value because such information is not generally known to, and not readily ascertainable by proper means by, other persons who can obtain economic value from the use of such information.  Darwin has made, and continues to make, reasonable efforts to maintain the secrecy of these items.  At no time has Darwin given its consent, express or implied, to any Defendant to take, use, or disclose such trade secret information subsequent to the conclusion of their employment with Darwin.

109.    Bokhiria and Nikolic have an ongoing duty not to use or disclose Darwin's trade secret information for any purpose other than for the benefit of Darwin.

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

15

110.    Bokhiria and Nikolic have an ongoing duty to maintain the secrecy of Darwin's trade secret information.

111.    Defendants have misappropriated, and will inevitably misappropriate, Darwin's trade secrets by (a) acquiring the information through improper means, including their violation of their duties as set forth above; and (b) disclosing or using the same for the benefit of themselves and/or a third party, without express or implied consent from Darwin, in violation of A.R.S. § 44-401, et seq.

112.    Defendants have misappropriated, and will inevitably misappropriate, Darwin's trade secrets through their disclosure or use of the information, which they knew had been acquired through improper means by virtue of Bokhiria and Nikolic's role in Kiria.

113.    Defendants have acted willfully and maliciously in the conduct described herein.

114.    Defendants' ongoing, inevitable, and anticipated acts of misappropriation and use of Darwin's trade secret information are transgressions of a continuing nature for which Darwin has no adequate remedy at law and for which injunctive relief is available under A.R.S. § 44-402.

115.    Unless Defendants are temporarily, preliminarily, and permanently restrained from misappropriating Darwin's trade secret information, Darwin will continue to suffer immediate and irreparable harm.  Darwin's damages cannot be adequately compensated solely through money damages or other legal remedies, thereby entitling Darwin to equitable relief in the form of an injunction.

116.    In addition to injunctive relief, as a proximate result of Defendants' actual and threatened misappropriation of Darwin's trade secret information, Darwin has sustained and will continue to sustain, monetary damages, including actual and exemplary damages under A.R.S. § 44-403(B).

117.    Darwin is entitled to an award of attorneys' fees under A.R.S. § 44-404(3) for willful and malicious misappropriation.

16

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

118.    In taking the actions discussed above, Bokhiria, Nikolic, and Bronson were, upon information and belief, acting in the course and scope of their employment with Kiria Advisory Partners, LLC, also making Kiria Advisory Partners, LLC vicariously liable for Bokhiria, Bronson, and Nikolic's misappropriation of trade secrets.

## COUNT TWO

### (Misappropriation of Confidential Information Against All Defendants)

119.    Darwin realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

120.    Darwin's confidential, proprietary business information, including its Client Profiles and Client Research Reports and pricing information, as well as Darwin's processes and procedures, interview guides, transcripts and recordings, syndicated reports, proposals, templates, prototypes, purchase orders, invoices, statements of work, client lists, pricing schedules, sales and marketing materials, sales, operations, and marketing plans, standard operating procedures, sales collateral, sample work products, business strategies, internal presentations and user feedback, data files, and research, is not generally known to, and not readily ascertainable by proper means by, other persons who can obtain economic value from the use of such information.  Darwin has made, and continues to make, reasonable efforts to maintain the confidentiality of these items.  At no time has Darwin given its consent, express or implied, to Bokhiria or Nikolic to use or disclose such confidential information subsequent to the conclusion of their employment with Darwin.

121.    Bokhiria and Nikolic have an ongoing duty not to use or disclose Darwin's confidential, proprietary business information for any purpose other than for the benefit of Darwin.

122.    Bokhiria and Nikolic have an ongoing duty to maintain the secrecy of Darwin's confidential, proprietary business information.

123.    Defendants have misappropriated, and will inevitably misappropriate, Darwin's confidential, proprietary business information by (a) acquiring the information

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA  85016
(602) 445-8000

through improper means, including their violation of their duties as set forth above; and (b) disclosing or using the same for the benefit of themselves and/or a third party, without express or implied consent from Darwin.

124.    Defendants have misappropriated, and will inevitably misappropriate, Darwin's confidential, proprietary business information through their disclosure or use of the information, which they knew had been acquired through improper means by virtue of Bokhiria, Bronson, and Nikolic's role in Kiria.

125.    Defendants have acted willfully and maliciously in the conduct described herein.

126.    Unless Defendants are temporarily, preliminarily, and permanently restrained from misappropriating Darwin's confidential, proprietary business information, Darwin will continue to suffer immediate and irreparable harm.  Darwin's damages cannot be adequately compensated solely through money damages or other legal remedies, thereby entitling Darwin to equitable relief in the form of an injunction.

127.    In addition to injunctive relief, as a proximate result of Defendants' actual and threatened misappropriation of Darwin's confidential, proprietary business information, Darwin has sustained and will continue to sustain, monetary damages, including actual and exemplary damages.

128.    In taking the actions discussed above, Bokhiria, Nikolic, and Bronson were, upon information and belief, acting in the course and scope of their employment with Kiria Advisory Partners, LLC, also making Kiria Advisory Partners, LLC vicariously liable for Bokhiria, Bronson, and Nikolic's misappropriation of confidential information.

## COUNT THREE

### (Violation of the Defend Trade Secrets Act Against All Defendants)

129.    Darwin realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA  85016
(602) 445-8000

130.    Darwin is the owner of valuable information used in, or intended for use in, interstate or foreign commerce, including, without limitation, its Client Profiles and Client Research Reports and pricing information.

131.    This information is a trade secret within the meaning of the Federal Defend Trade Secrets Act and pursuant to 18 U.S.C. § 1839(3) because such information is not generally known to, and not readily ascertainable by proper means by, other persons who can obtain economic value from the use of such information.  Darwin has made, and continues to make, reasonable efforts to maintain the secrecy of these items.  At no time has Darwin given its consent, express or implied, to Bokhiria or Nikolic to use or disclose such trade secret information subsequent to the conclusion of their employment with Darwin.

132.    Bokhiria and Nikolic have an ongoing duty not to use or disclose Darwin's trade secret information for any purpose other than for the benefit of Darwin.

133.    Bokhiria and Nikolic have an ongoing duty to maintain the secrecy of Darwin's trade secret information.

134.    Defendants have misappropriated, and will inevitably misappropriate, Darwin's trade secrets by (a) acquiring the information through improper means, including their violation of their duties as set forth above; and (b) disclosing or using the same for the benefit of themselves and/or a third party, without express or implied consent from Darwin, in violation of A.R.S. § 44-401, et seq.

135.    Defendants have misappropriated, and will inevitably misappropriate, Darwin's trade secrets through their disclosure or use of the information, which they knew had been acquired through improper means by virtue of Bokhiria, Bronson, and Nikolic's role in Kiria. Defendants' misappropriation of Darwin's trade secrets was willful and malicious.

136.    Defendants have acted willfully and maliciously in the conduct described herein.

19

137.    Defendants' ongoing, inevitable, and anticipated acts of misappropriation and use of Darwin's trade secret information are transgressions of a continuing nature for which Darwin has no adequate remedy at law and for which injunctive relief is available pursuant to 18 U.S.C. § 1836(b)(3).

138.    Unless Defendants are temporarily, preliminarily, and permanently restrained from misappropriating Darwin's trade secrets, Darwin will continue to suffer immediate and irreparable harm.  Darwin's damages cannot be adequately compensated solely through money damages or other legal remedies, thereby entitling Darwin to equitable relief in the form of an injunction.

139.    In addition to injunctive relief, as a proximate result of Defendants' actual and threatened misappropriation of Darwin's trade secret information, Darwin has sustained and will continue to sustain, monetary damages, including actual and exemplary damages under 18 U.S.C. § 1836(b)(3)(C).

140.    Darwin is also entitled to an award of attorneys' fees under 18 U.S.C. § 1836(b)(3)(D) for willful and malicious misappropriation.

141.    In taking the actions discussed above, Bokhiria, Nikolic, and Bronson were, upon information and belief, acting in the course and scope of their employment with Kiria Advisory Partners, LLC, also making Kiria Advisory Partners, LLC vicariously liable for Bokhiria, Bronson, and Nikolic's misappropriation of trade secrets.

<u>**COUNT FOUR**</u>

**(Unfair Competition Against All Defendants)**

142.    Darwin realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

143.    Darwin has rights in confidential, proprietary business information, including, but not limited to including its Client Profiles and Client Research Reports and pricing information, as well as Darwin's processes and procedures, interview guides, transcripts and recordings, syndicated reports, proposals, templates, prototypes, purchase orders, invoices, statements of work, client lists, pricing schedules, sales and marketing

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

materials, sales, operations, and marketing plans, standard operating procedures, sales collateral, sample work products, business strategies, internal presentations and user feedback, data files, and research.

144. Defendants improperly used, exploited, and misappropriated Darwin's confidential, proprietary business information.

145. Upon information and belief, Defendants have used this information to contact, meet with, and solicit Darwin's clients and business contacts. But for Bokhiria and Nikolic's employment with Darwin, Defendants would not have been able to misappropriate Darwin's confidential, proprietary business information, or subsequently to compete with Darwin within days (or even months) of starting Kiria.

146. Defendants' actions are contrary to the honest practice in commercial matters and violate Darwin's common law rights and constitute unfair competition.

147. As a proximate result of Defendants' actions, Darwin has sustained and will continue to sustain irreparable harm and damages.

148. Defendants' actions described above were aggravated and outrageous conduct done with malice and an evil mind, warranting an award of punitive damages.

149. Darwin's damages cannot be adequately compensated through remedies at law alone, thereby requiring equitable relief in addition to compensatory and punitive relief.

## COUNT FIVE

### (Breach of Fiduciary Duty of Loyalty Against Bokhiria)

150. Darwin realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

151. As Darwin's Vice President, Bokhiria owed Darwin a fiduciary duty of loyalty to act in its best interests.

152. Bokhiria breached her fiduciary duty of loyalty by taking and using Darwin's confidential, proprietary business information and trade secrets, obtained during her relationship with Darwin, for her own purpose and that of Kiria.

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

21

153.    Bokhiria's conduct is the actual and proximate cause of Darwin's damages in an amount to be proven at trial.

### COUNT SIX

**(Breach of the Duty of Loyalty Against Nikolic)**

154.    Darwin realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

155.    As Darwin's employee, Nikolic owed Darwin a duty of loyalty to act solely for Darwin's benefit on all matters related to her employment and thus, to not directly compete with Darwin while still employed.

156.    Nikolic breached her duty of loyalty by taking and using Darwin's confidential, proprietary business information and trade secrets, obtained during her relationship with Darwin, for her own purpose and that of Kiria; competing with Darwin during her employment; and usurping Darwin's business opportunities.

157.    Nikolic's conduct is the actual and proximate cause of Darwin's damages in an amount to be proven at trial.

### COUNT SEVEN

**(Tortious Interference with Contract and Business Expectancy Against All Defendants)**

158.    Darwin realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

159.    Darwin has contracts and business expectancies with (1) those clients with whom Darwin holds a contract for work yet to be performed; (2) those clients with whom Darwin has previously held an existing business or contractual relationship, such that, Darwin understood it would provide a similar service to those clients in the near or foreseeable future under similar terms; and (3) those business contacts with whom Darwin was in the process of negotiating a contractual or business relationship, as of August 2022, which in all probability would have been completed if Defendants had not interfered.

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

160. Defendants knew of these contractual and business relationships and expectancies by virtue of Bokhiria and Nikolic's employment with Darwin.

161. Defendants intentionally interfered with Darwin's contractual and business expectancies or knew that their actions would likely disrupt the performance of those contracts and business expectancies, and in fact, caused the termination of several business relationships held by Darwin.

162. Defendants' actions, including their misappropriation of Darwin's confidential, proprietary business information and trade secrets, were knowing and wrongful. But for their exploitation of this information, and their prior employment with Darwin, Defendants could not have interfered with these contracts and business expectancies.

163. As a direct and proximate result of Defendants' tortious interference, Darwin has suffered and will continue to suffer irreparable harm and economic damages. Darwin's damages cannot be adequately compensated through remedies at law alone, thereby requiring equitable relief in addition to compensatory and punitive relief.

164. In taking the actions discussed above, Bokhiria, Bronson, and Nikolic were, upon information and belief, acting in the course and scope of their employment with Kiria Advisory Partners, LLC, also making Kiria Advisory Partners, LLC vicariously liable for Bokhiria, Bronson, and Nikolic's tortious conduct.

## COUNT EIGHT

### (Conversion Against All Defendants)

165. Darwin realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

166. Darwin is the lawful owner of, among other things, its confidential, proprietary, and trade secret information.

167. Darwin granted Bokhiria and Nikolic access to and possession of Darwin's confidential, proprietary business information and trade secrets when they became employed by Darwin solely for the purpose of providing services to Darwin.

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

23

168.    Bokhiria, Nikolic, and Bronson acted without authority by, among other things: (1) retaining and misappropriating Darwin's confidential, proprietary business information and trade secrets after they resigned, and (2) failing to return Darwin's confidential, proprietary business information and trade secrets after Darwin's legal counsel demanded it be returned.

169.    Bokhiria, Nikolic, and Bronson intentionally exercised dominion and control over Darwin's confidential, proprietary business information and trade secrets in a manner that so seriously interfered with Darwin's ownership rights and control of its property that Defendants must justly be required to pay damages to Darwin.

170.    In taking the actions discussed above, Bokhiria, Nikolic, and Bronson were, upon information and belief, acting in the course and scope of their employment with Kiria Advisory Partners, LLC, also making Kiria Advisory Partners, LLC vicariously liable for Bokhiria, Bronson, and Nikolic's tortious conduct.

## COUNT NINE

### (Unjust Enrichment Against All Defendants)

171.    Darwin realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

172.    By their conduct described above, Defendants have been unjustly enriched to Plaintiff's detriment.

173.    It would be unfair and in violation of the fundamental principles of justice, equity, and good conscience to allow Defendants to retain the enrichment they have unjustly acquired.

174.    As a direct and proximate result of Defendants' conduct, Plaintiff sustained and will continue to sustain damages in an amount to be proven at trial, including immediate and irreparable harm.

/ / /

/ / /

/ / /

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

24

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

## **COUNT TEN**

### **(Civil Conspiracy Against All Defendants)**

175.    Darwin realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

176.    Defendants were aware of their obligations in addition to their common law duties.

177.    Defendants knowingly, willingly, and maliciously agreed and conspired to commit the unlawful acts set forth above.

178.    Defendants committed the acts set forth in the above counts in furtherance of their conspiracy, which included without limitation the desire to gain an improper competitive advantage for a direct competitor, injure Plaintiff's position in the market, and prevent the successful administration of its practice.

179.    Defendants committed and caused to be committed one or more overt and unlawful acts in furtherance of the conspiracy, including without limitation the acts set forth above. In taking the actions discussed above, Bokhiria, Bronson, and Nikolic were, upon information and belief, acting in the course and scope of their employment with Kiria Advisory Partners, LLC, also making Kiria Advisory Partners, LLC vicariously liable for Bokhiria, Bronson, and Nikolic's tortious conduct.

180.    As a direct and proximate result of Defendants' conduct, Plaintiff sustained and will continue to sustain damages in an amount to be proven at trial, including immediate and irreparable harm.

## **COUNT ELEVEN**

### **(Unjust Enrichment Against Nikolic)**

181.    Darwin realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

182.    By working full-time for another employer from May 2022 to August 24, 2022, while simultaneously pretending to work full-time for Darwin, Nikolic has been unjustly enriched to Plaintiff's detriment.

25

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

183.     During this entire period, Plaintiff paid Nikolic as a full-time employee.

184.     It would be unfair and in violation of the fundamental principles of justice, equity, and good conscience to allow Nikolic to retain the enrichment she unjustly acquired.

185.     As a direct and proximate result of Defendants' conduct, Plaintiff sustained and will continue to sustain damages in an amount to be proven at trial, including immediate and irreparable harm.

## JURY TRIAL DEMAND

Plaintiff hereby requests a trial by jury on all of its legal claims.

## PRAYER FOR RELIEF

**WHEREFORE**, Darwin prays for judgment against Defendants as follows:

A.     Temporarily, preliminarily, and permanently enjoining Defendants from directly or indirectly retaining, possessing, controlling, disclosing, or using (or allowing others to use) any and all of Darwin's confidential, proprietary, business information and trade secrets, and including but not limited to any information contained in hardcopy or electronic format in or from files taken from Darwin's offices, or systems, in or from business or personal email accounts, or otherwise, as further described in this Verified Complaint, and ordering Defendants to return all originals, copies, or derivatives of the same and all other Company property to Darwin within 24 hours of the entry of this Order and provide Darwin with computer-usable copies of personally-owned computers, servers, cellular phones, tablets or email systems used to receive or store any of Darwin's confidential and proprietary information so Darwin may confirm the return of its property;

B.     Temporarily, preliminarily, and permanently enjoining Defendants from competing with Darwin unlawfully;

C.     For compensatory, consequential, and/or restitutionary damages according to proof at trial and disgorgement of any amounts found to have been wrongfully taken by any Defendant;

26

D.    For exemplary and punitive damages to punish Defendants for their unlawful conduct and to deter them, and others, from such conduct in the future;

E.    For Darwin's reasonable costs and attorneys' fees allowed by law, including pursuant to A.R.S. § 12-341, A.R.S. § 12-341.01, and A.R.S. § 44-404(3);

F.    For interest on the foregoing at the legal rate from the date of judgment until paid in full; and

G.    For such other and further relief as the Court may deem just and appropriate.

DATED this 14th day of April 2023.

GREENBERG TRAURIG, LLP

By: /s/ Stephanie J. Quincy
Stephanie J. Quincy
Shalayne L. Pillar
*Attorneys for Plaintiff/Counterdefendant*

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

27

# VERIFICATION

STATE OF ARIZONA          )
                         )
COUNTY OF MARICOPA        )

    My name is John Marchica. I am of legal age and competent to testify in Court. I am the Chief Executive Officer of Darwin Advisory Partners, LLC ("**Darwin**"), an Arizona limited liability corporation with its principal place of business in Maricopa County, Arizona. I have read the Second Amended Complaint dated this _14_ day of April 2023, on behalf of Darwin. I hereby verify that the matters stated therein are either true or are not within my personal knowledge and have been assembled by authorized employees and counsel of Darwin; and that I am informed and, upon information and belief, verify that the facts stated therein are true.

    I declare under penalty of perjury that the foregoing is true and correct.

    EXECUTED this _14_ day of April, 2023 in Maricopa County, Arizona.

_____
JOHN MARCHICA

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

28